Docusign Envelope ID: 77069B71-6803-8A56-8008-9DB97A24F7BB

KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs EDWARD
JOSEPH CASCIO, DOMINIC SAVINI
CASCIO, MARIE-NICOLE PORTE and
ALDO CASCIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>                  Plaintiffs,<br><br>          vs.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN MR. WEISBERG, an individual; and DOES 1 through 20, inclusive,<br><br>                  Defendants. | CASE NO. 2:26-cv-02129 HDV (AGRx)<br><br>**DECLARATION OF MARIE-NICOLE PORTE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION AND REQUEST FOR STAY OF ARBITRATION PROCEEDINGS**<br><br>*Filed Concurrently with Plaintiffs' Opposition to Jackson Parties' Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings; Declarations of Howard E. King, Frank Cascio, Edward Joseph Cascio, Dominic Savini Cascio, and Aldo Cascio; and Plaintiffs' Memorandum of Evidentiary Objections*<br><br>Date:    June 4, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  5B<br><br>Action Commenced:  February 27, 2026 |

6187.061/3246714.2

DECLARATION OF MARIE-NICOLE PORTE

I, Marie-Nicole Porte, declare as follows:

1.    I am a party in the above-entitled action.  I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.  This declaration is submitted in support of Plaintiffs' Opposition to the Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings ("Motion") filed by Defendants the Michael Jackson Company, MJJ Productions, LLC, MJJ Ventures, LLC, John Branca, and John McClain (together, "Jackson Parties").

2.    I am the sister of the other three Plaintiffs—Edward Joseph Cascio, Dominic Savini Cascio, and Aldo Cascio—and non-party Frank Cascio ("my siblings").

3.    In 2019, the documentary *Leaving Neverland* was released. The documentary, which I watched, is about Michael Jackson's sexual abuse of Wade Robson and James Safechuck when they were children.

4.    Also in 2019, shortly after *Leaving Neverland* aired, three agents of the Estate of Michael Jackson ("Estate") reached out to my siblings and me: an investigator, Herman Weisberg, and two attorneys, Bryan Freedman and Howard Weitzman (who is now deceased). We were informed that the Estate wanted to meet with us privately at Howard Weitzman's office to discuss our relationship with Michael Jackson and the abuse we had suffered. In 2019, the Estate flew us to California, where they met with each of us individually to discuss our relationship with Michael Jackson.  After interviewing each of us in California and flying to New Jersey to interview our parents, they told us that the Estate wanted to compensate us for our trauma. Howard Weitzman told us that we were an extraordinary family with an unbelievably powerful story about our lives with Michael Jackson.

5.    During this period, the interactions between my siblings and me, on the one hand, and the Estate, Mr. Weisberg, Mr. Freedman, and Mr. Weitzman, on the

other hand, were amicable. We trusted them. As far as we were concerned, we were working on the same team.  We never demanded any payment from the Estate—the Estate offered to pay *us* if we remained silent about our relationship with Michael Jackson. We were asked to provide a list of anyone we had talked to about our experiences since *Leaving Neverland*.  We never sent any demand letters, threatened to sue the Estate, or assumed any position that was adversarial to the Estate. We never did so because Mr. Weisberg, Mr. Freedman, and Mr. Weitzman had told us repeatedly that they were advocating for our interests, that we did not need our own attorney, that the amount of money offered by the Estate was fair and non-negotiable, and that entering into a compensation agreement with the Estate would allow us to move on with our lives in peace, comfort, and privacy.

6.      On December 22, 2019, Mr. Weisberg came to my father's restaurant in New Jersey. Dominic, Eddie, Aldo, and I were there, along with our spouses and parents. Frank was not there, as he was living in California at the time. Mr. Weisberg brought a single copy of a document titled "Acquisition and Consulting Agreement" ("Agreement"). This was the first time I had seen this document which was read out loud to us.  A copy of the Agreement is attached as Exhibit 1 to the Declaration of Martin Singer, who is counsel to the Jackson Parties. I signed the Agreement; so did all the other members of my family. When we asked for a copy of the agreement after signing, we were told that only the Estate would hold a copy. We were not represented by independent counsel when we signed the Agreement.

7.      I understand that Frank, Mr. Weisberg, and Kenny Katz signed a Letter of Direction ("Letter") in January or February 2020, which is attached as Exhibit 2 to the Declaration of Mr. Singer. None of us asked the Estate for more compensation than what the Estate had agreed to pay us under the Agreement. I did not assume any position that was adversarial to the Estate when Frank discussed the Letter with the Estate or when he signed the Letter. I did not sign the Letter myself.

8.      Around April 2024, Mr. Weisberg and Mr. Freedman contacted my

Docusign Envelope ID: 77069B71-6803-8A56-8998-9DB97A24F7BB

siblings and me, which was unsolicited. They told us that the Estate wanted to continue to compensate us for our trauma. For the first time, Mr. Freedman told us that we needed an attorney to represent us. He tried to convince us to hire him to negotiate with the Estate and stated that he would request a conflict waiver from the Estate. At that point, I understood that Mr. Freedman represented the Estate's interests and not ours.

9.      So, my siblings and I hired our current attorney, Howard E. King, to represent us as independent counsel.

10.     In June or July 2024, Mr. King told Mr. Singer, who is counsel for the Estate, that my siblings and I intended to challenge the Agreement as void and unconscionable. This was the first time that anyone in my family had sent any kind of legal demand to any of Defendants or assumed any kind of adversarial position to any of the Defendants. Prior to that time, neither I nor, to my knowledge, any member of my family had asserted any legal claim against the Jackson Parties, threatened litigation, or communicated any dispute concerning the Agreement.

11.     The Jackson Parties' Motion and the supporting declaration of Mr. Singer contain a number of falsehoods. The Jackson Parties accuse my siblings and me of engaging in an "extortion scheme." (Mot. at 9:17.) They also claim that "[i]n late-2019, the Cascio Parties threatened to go public with their own purported sexual abuse allegations unless they were each paid significant amounts of money." (*Id.* at 13:5-7.) None of this is true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___5/13/2026___ at ___Greenville___, _South Carolina_.

DocuSigned by:

*Marie Nicole Porte*

7404B4A1F16E405...

Marie-Nicole Porte