KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs EDWARD
JOSEPH CASCIO, DOMINIC SAVINI
CASCIO, MARIE-NICOLE PORTE and
ALDO CASCIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN WEISBERG, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-02129 HDV (AGRx)<br><br>**PLAINTIFFS' MEMORANDUM OF EVIDENTIARY OBJECTIONS**<br><br>*Filed Concurrently with Plaintiffs' Opposition to Jackson Parties' Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings and Declarations of Howard E. King, Frank Cascio, Edward Joseph Cascio, Dominic Savini Cascio, Marie-Nicole Porte, and Aldo Cascio*<br><br>Date: June 4, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 5B<br><br>Action Commenced: February 27, 2026 |

6187.061/3242075.1                                                     Case No. 2:26-cv-02129 HDV (AGRx)

MEMORANDUM OF EVIDENTIARY OBJECTIONS

Plaintiffs Edward Joseph Cascio, Dominic Savini Cascio, Marie-Nicole Porte, and Aldo Cascio offer this memorandum of objections to the evidence submitted by Defendants The Michael Jackson Company ("MJC"), MJJ Productions, LLC, MJJ Ventures, LLC, John Branca, and John McClain (together, "Jackson Parties") in support of their Motion for an Order Compelling Arbitration ("Motion").

**1.      Declaration of Martin Singer ¶ 4**

Plaintiffs object to this statement in paragraph 4 of the Declaration of Martin Singer:

> I am informed and believe that MJC's officer (Defendant John Branca who is also one of the Executors of the Estate of Michael J. Jackson and one of the Trustees of the Michael Jackson Family Trust), entered into the Agreement under recommendation of counsel with respect to their responsibility as fiduciaries, in order to protect the beneficiaries of the Estate from having to deal with specious future.

Plaintiffs object based on lack of foundation and lack of personal knowledge. Fed. R. Evid. 602, 901. Singer lacks personal knowledge that Branca signed the Agreement. Singer further lacks personal knowledge as to why Branca entered into the Agreement. Singer also lacks personal knowledge as to who the "counsel" is who advised Branca. *See United States v. Owens-El*, 889 F.2d 913, 915 (9th Cir. 1989) ("[T]he witness who testifies must have personal knowledge of the making of the out-of-court statement."); *cf. Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (determining that attorney lacked personal knowledge of witness' testimony).

Plaintiffs object based on hearsay. Fed. R. Evid. 803. Any statements by Branca to Singer are hearsay. The "recommendation[s] of counsel" constitute double hearsay, given that Singer knows about these "recommendation[s]" based on hearsay from Branca. *See United States v. St. Luke's Subacute Care Hosp., Inc.*, 178 F. App'x 711, 715 (9th Cir. 2006) (concluding that testimony concerning attorney's conversation with defendant was hearsay); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d

999, 1003, 1005 (9th Cir. 2002) (determining that affidavit recounting party's conversation with someone else constitutes hearsay); Boyd v. City of Oakland, 458 F. Supp. 2d 1015, 1025 (N.D. Cal. 2006) (excluding witness statements recounted in attorney's affidavit because statements were not based on attorney's personal knowledge).

**2.      Declaration of Martin Singer ¶ 19-24**

Plaintiffs object to paragraphs 19 to 24 of the Declaration of Martin Singer based on hearsay. Fed. R. Evid. 803. Frank Cascio's statements in his book are hearsay. No exceptions to the hearsay rule apply. In particular, Frank is not a party to this action.

DATED:  May 14, 2026

KING, HOLMES, PATERNO & SORIANO, LLP


By:      _/s/ Howard E. King_

HOWARD E. KING
STEPHEN D. ROTHSCHILD
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs EDWARD JOSEPH CASCIO, DOMINIC SAVINI CASCIO, MARIE-NICOLE PORTE and ALDO CASCIO