**MARTIN D. SINGER (BAR NO. 78166)**
**ALLISON S. HART (BAR NO. 190409)**
**SINGER WEINSTEN WOLF & JONELIS LLP**
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615
Email:  mdsinger@singerlaw.com
           ahart@singerlaw.com

**JONATHAN P. STEINSAPIR (BAR NO. 226281)**
**KATHERINE T. KLEINDIENST (BAR NO. 274423)**
**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Telephone:  (310) 566-9834
Facsimile:  (310) 556-3615
Email:  jsteinsapir@khiks.com
           kkleindienst@khiks.com

Attorneys for Defendants THE MICHAEL
JACKSON COMPANY, a limited liability
company; JOHN BRANCA, as Co-Administrator
of THE ESTATE OF MICHAEL JACKSON, Co-
Trustee of the MICHAEL JACKSON FAMILY
TRUST, and individually; JOHN MCCLAIN, as
Co-Administrator of THE ESTATE OF MICHAEL
JACKSON, Co-Trustee of the MICHAEL
JACKSON FAMILY TRUST, and individually;
MJJ PRODUCTIONS, LLC, a limited liability
company; and MJJ VENTURES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>              Plaintiffs,<br><br>       v.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF | CASE NO. 2:26-cv-02129-HDV-AGR<br><br>Hon. Hernan D. Vera<br><br>**DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION**<br><br>Date:        June 4, 2026<br>Time:       10:00 a.m.<br>Courtroom:  5B<br><br>Complaint filed:  February 27, 2026 |

1

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING
ARBITRATION

Docusign Envelope ID: 16F62D88-66C1-8FCA-82DB-5F12DA509FE4

MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN WEISBERG, an individual; and DOES 1 through 20, inclusive,

Defendants.

## DECLARATION OF BRYAN FREEDMAN

I, Bryan Freedman, hereby declare:

1.     I am an attorney admitted to practice before this court and all of the courts of the State of California.  I make this Declaration in support of the Motion for an Order Compelling Arbitration filed on behalf of Defendants The Michael Jackson Company, John Branca, individually and as Co-Administrator of The Estate of Michael Jackson and Co-Trustee of the Michael Jackson Family Trust, John McClain, individually and as Co-Administrator of The Estate of Michael Jackson and Co-Trustee of the Michael Jackson Family Trust, MJJ Productions, LLC, and MJJ Ventures, LLC (collectively "Defendants" or the "MJC Parties").  I have personal and first-hand knowledge of the matters set forth in this declaration and, if called upon to testify thereto, I could and would competently do so under oath.

2.     I have read the Declarations of Frank Cascio, Edward Cascio, Dominic Cascio, Jr., Marie-Nicole Porte and Aldo Cascio filed in support of their Opposition to the MJC Parties' Motion for An Order Compelling Arbitration.  A number of the statements in those Declarations are false and fabricated.

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION

3.    In 2019, I, along with Howard Weitzman (who unfortunately passed away in 2021), was one of the attorneys representing the Estate of Michael Jackson in connection with litigation against HBO involving the broadcast of *Leaving Neverland*.

4.    In approximately the Spring of 2019, Herman Weisberg, a private investigator with whom I have worked on multiple matters, informed me and Howard Weitzman that he wanted to meet with us because he had information about someone who was asserting a claim on behalf of the Estate of Michael Jackson.  Mr. Weisberg stated that the meeting had to be in person because the person asserting the claims refused to speak on the phone.

5.    Contrary to what is alleged in the Declarations by Frank Cascio and his siblings, Edward Cascio, Dominic Cascio, Jr., Marie-Nicole Porte and Aldo Cascio, it was not Mr. Weitzman and me who initiated contact with the Cascios in 2019.  It was Mr. Weisberg who first contacted me and Mr. Weitzman to inform us that someone was asserting claims against the Estate of Michael Jackson.  Prior to meeting in person, Mr. Weisberg never disclosed to Mr. Weitzman or me the identity of the person asserting claims against the Estate of Michael Jackson.

6.    At Mr. Weisberg's request, and pursuant to Mr. Weitzman's direction, in June 2019, I agreed to meet with Mr. Weisberg and the unnamed individual asserting claims against the Estate at the Sunset Marquis Hotel in West Hollywood.  Although Mr. Weisberg requested that Mr. Weitzman also attend the meeting, he was unavailable to do so.  Therefore, pursuant to Mr. Weitzman's direction, I agreed to meet with Mr. Weisberg and the Sunset Marquis Hotel in June 2019 without Mr. Weitzman present.  When I arrived at the Sunset Marquis Hotel, Mr. Weisberg introduced me for the first time to Frank Cascio, the individual alleging claims against the Estate of Michael Jackson.  The only individuals present at the meeting in the Sunset Marquis were Frank Cascio, Herman Weisberg and me.  When Frank Cascio

3

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION

Docusign Envelope ID: 16F62D88-66C1-8ECA-82DB-5F12DA509EE4

learned that Mr. Weitzman was unavailable to meet that day at the Sunset Marquis Hotel, he was furious.

7.      Prior to meeting with Mr. Weisberg and Frank Cascio at the Sunset Marquis Hotel, Mr. Weisberg instructed me to bring a bathing suit to the meeting.  I was informed that the individual we were meeting with (*i.e*, Frank Cascio, whose identity was unknown to me and Mr. Weitzman prior to the meeting) was concerned that he would be recorded.  Therefore, Frank Cascio and Herman Weisberg would only speak to me in the swimming pool area at the Sunset Marquis with me wearing a bathing suit so that Frank Cascio could be sure that I was not wearing a wire.

8.      During the meeting with Frank Cascio and Mr. Weisberg in the swimming pool area at the Sunset Marquis Hotel in June of 2019, Frank Cascio informed me that Michael Jackson had allegedly engaged in inappropriate conduct with all of his siblings.  Frank stated that he was never subject to inappropriate conduct, but he unequivocally stated that his siblings had been abused by Michael Jackson, and that the Cascio family intended to assert claims against the Estate of Michael Jackson. During that meeting, Frank was insistent that he and his family were going to do something and seek money from the Estate.  Frank Cascio told me that he and his family members wanted a large amount of money to resolve their alleged claims, or that they would "go public" with their claims which Frank Cascio stated Mr. Weitzman and other representatives of the Estate of Michael Jackson would not like.

9.      After meeting with Frank Cascio and Mr. Weisberg at the Sunset Marquis swimming pool in June 2019, I immediately notified Howard Weitzman of the meeting and informed him that Frank Cascio had asserted a claim that Michael Jackson engaged in inappropriate conduct with Frank Cascio's siblings.

10.      Thereafter, Mr. Weitzman and I met with and interviewed each of the Cascios individually, including Frank Cascio, Edward Cascio, Dominic Cascio, Jr.,

4

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION

Marie-Nicole Porte and Aldo Cascio.  Each of them indicated during those interviews that they had alleged sexual abuse claims they intended to assert.  Although we did not believe that the Cascios' alleged claims had merit, the representatives of the Estate of Michael Jackson reluctantly agreed that the Michael Jackson Company, LLC ("MJC") would enter into a Confidential Acquisition and Consulting Agreement dated on or about January 10, 2020 with the Cascio family members (herein the "Agreement").  Pursuant to the Agreement, Plaintiffs and the other parties to the Agreement were paid over a period of six (6) years in order to prevent Michael's family from having to be subjected to any further false allegations against Michael, and to protect future projects important to Michael's legacy.

11.    The statements in the Declarations of the Cascios that they never demanded money from the Estate of Michael Jackson in 2019 are absolutely false.

12.    Frank Cascio led the negotiation of the Agreement on behalf of the other Cascio family members in 2019.  During the course of the negotiations, after Frank Cascio demanded many millions of dollars, the Estate initially offered the Cascio siblings $100,000 each to resolve their alleged claims against the Estate of Michael Jackson.

13.    On behalf of the Cascios, Frank Cascio demanded to be paid significantly more than $100,000.  I recall multiple conversations with Frank Cascio in 2019 in which he raised his voice to Mr. Weitzman and me and made threats against the Estate unless the Estate agreed to pay them more money.  Frank further threatened that money need to be paid to him and his family members "fast" otherwise they would all "go public" with their claims. Ultimately, after lengthy negotiations with Frank Cascio, it was agreed that MJC would pay each of the Plaintiffs a significantly greater amount of money in installments payable over a six (6) year period.

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION

14.    At Frank Cascio's direction, the Agreement further provided that six percent (6%) of each of the payments to each of the Cascios would be paid directly to the Cascio's representatives, Herman Weisberg and Ken Katz.

15.    Although the original Agreement with the Cascios provided that they would receive six (6) annual payments of a specific amount starting January 1, 2020, at the request of Marie-Nicole Porte and her husband, James Porte, the Agreement was amended as of January 28, 2020, to provide for significantly larger initial payment (less the 6% payment to Messrs. Weisberg and Katz), followed by five (5) additional smaller payments.  Frank Cascio, at the request of Marie-Nicole Porte, requested a larger payment up front so that Marie-Nicole and her husband could make a down payment on a house they wanted to purchase.  Frank Cascio requested that he and his other siblings also be paid additional monies up front such they would each be receiving a significantly larger initial payment than was provided for under the Agreement.

16.    At no time did I ever state that the Cascios should not hire an attorney. My understanding was that the Cascios were being represented by Ken Katz, a highly respected talent manager, and I was told by Mr. Weitzman that the Cascios had a tax lawyer.  If the Cascios did not hire an attorney, it was their choice whether to do so.

17.    The statement in the Declarations of Frank Cascio, Edward Cascio, Dominic Cascio, Jr., Marie-Nicole Porte and Aldo Cascio that in April 2024, Howard Weisberg and I contacted them unsolicited and told them that the Estate of Michael Jackson wanted to pay them more money than they were entitled to receive under the Agreement is absolutely false.

18.    In or about April 2024, Herman Wesiberg informed me that he had been contacted by Frank Cascio, and that Frank Cascio was upset that he and his family did not receive enough money under the Agreement.  Mr. Weisberg called me, and then patched Frank Cascio into the call.  Although the Cascios still had a final payment

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION

due to them under the Agreement a year later, in a phone call, Frank Cascio screamed at me and said that the money he and his siblings received under the Agreement was not enough.  During one phone call with Frank Cascio, when he was screaming that he did not get enough money, Frank made threatening and highly offensive statements concerning my son, so I terminated the call.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this __21st_ day of May, 2026, at Los Angeles, California.

Signed by:

*Bryan Freedman*

B030109A3048417...

BRYAN FREEDMAN

7

DECLARATION OF BRYAN FREEDMAN IN SUPPORT OF MOTION FOR AN ORDER COMPELLING ARBITRATION