KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs EDWARD
JOSEPH CASCIO, DOMINIC SAVINI
CASCIO, MARIE-NICOLE PORTE and
ALDO CASCIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>              Plaintiffs,<br><br>      vs.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN WEISBERG, an individual; and DOES 1 through 20, inclusive,<br><br>              Defendants. | CASE NO. 2:26-cv-02129 HDV (AGRx)<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SURREPLY AND SUPPLEMENTAL DECLARATIONS AND REQUEST FOR AN EVIDENTIARY HEARING**<br><br>Date:    June 18, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  5B<br><br>Action Commenced:  February 27, 2026 |

6187.061/3252167.2

Case No. 2:26-cv-02129 HDV (AGRx)

PLAINTIFFS' REQUEST FOR LEAVE TO FILE SURREPLY AND SUPPLEMENTAL DECLARATIONS AND REQUEST FOR AN EVIDENTIARY HEARING

Plaintiffs Edward Joseph Cascio ("Eddie"), Dominic Savini Cascio, Marie-Nicole Porte, and Aldo Cascio request leave to file the accompanying surreply and supplemental declarations in support of their Opposition to the Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings ("Motion") filed by Defendants The Michael Jackson Company, MJJ Productions, LLC, MJJ Ventures, LLC, John Branca, and John McClain (together, "Jackson Parties"). This Court should allow Plaintiffs to file a surreply to address the many new arguments made in the Jackson Parties' reply brief, and this Court must consider the supplemental declarations made by each of Plaintiffs, their brother, Frank Cascio, their mother, Concetta Cascio, and Marie-Nicole's husband, James Porte (together, "Supplemental Declarations"), which contest Bryan Freedman's new testimony in his declaration in support of key arguments made in the Jackson Parties' reply brief.

Plaintiffs also request that the Court hold an evidentiary hearing before deciding the Motion.[1] The Court should order Freedman, Weisberg, Branca, and all other persons, including attorneys, who were involved in negotiating the Agreement and advising Defendants concerning the Agreement to testify as to when the dispute arose between the Parties.

Counsel for all parties met and conferred concerning Plaintiffs' requests on June 4, 2026.

## I.   BACKGROUND

The Jackson Parties' Motion failed to mention the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), Pub. L. No. 117-90, 136 Stat. 26, *codified at* 9 U.S.C. §§ 401-02. In their opposition, Plaintiffs

---

[1] Plaintiffs have also filed the Supplemental Declarations in support of their opposition to Herman Weisberg's joinder of the Jackson Parties' Motion. However, out of an abundance of caution, Plaintiffs file this Request to ensure that the Court considers the Supplemental Declarations when deciding whether to enforce the EFAA as to the Jackson Parties.

argued that the plain text of EFAA bars enforcement of the mandatory arbitration clause of the "Acquisition and Consulting Agreement" ("Agreement") that Plaintiffs and Branca, on behalf of MJC, signed. (*See generally* Opp.) Citing the EFAA's text, Plaintiffs argue that (1) they are "alleging conduct constituting" a "sexual assault dispute" because their claims "involv[e]" Michael Jackson's sexual assaults"; (2) Plaintiffs have satisfied the EFAA's "dispute arises" timing clause and "claim accrues" timing clause; (3) the Agreement is a "predispute arbitration agreement"; and (4) the arbitration agreement is unenforceable as to Plaintiffs' entire "case." (*See generally id.* (citing 9 U.S.C. §§ 401, 402; PL 117-90, 136 Stat 26).)

In their reply, the Jackson Parties addressed the EFAA for the first time. They contested whether the dispute arose between the Parties in 2019 and whether the EFAA applies to this case. (Mot. at 5-12.) To support their new arguments, they attached a supplemental declaration by Martin Singer, who is counsel for the Jackson Parties, and Freedman, who is counsel for the Estate of Michael Jackson ("Estate"). Citing Freedman's declaration, Defendants contend that the Estate's interactions with Plaintiffs' brother, non-party Frank Cascio and—to a much more limited degree—Plaintiffs demonstrate that a dispute arose between the Parties in 2019. Defendants are wrong. (Reply at 5-7.) Citing Singer's supplemental declaration, Defendants contend that Plaintiffs' and their counsel's prior statements in a letter by Plaintiffs' counsel, a court filing in the Los Angeles Court, and the Complaint in this case constitute "judicial admissions" and evidence that the dispute arose in 2019, before the Agreement was signed. (Reply at 5-7; Singer Decl. ¶ 6.)

Counsel for all Parties met and conferred concerning Plaintiffs' requests on June 4, 2026. (Pickerell Decl. ¶ 2.)

## II.    **ARGUMENT**

    A.    <u>The Court should allow Plaintiffs to file surreply and the Supplemental Declarations.</u>

A decision to grant leave to file supplemental evidence in response to a reply

is "committed to the sound discretion of the court." *Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, 2020 WL 3107889, at *1 (C.D. Cal. Feb. 14, 2020). Courts may grant such leave when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id.* Courts may consider supplemental declarations that are "highly relevant" to an issue raised by a motion. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 696 (9th Cir. 2023). Courts may further allow supplemental declarations when "new and previously unavailable evidence becomes available to the parties subsequent to the filing of a brief" or to facilitate the consideration of "evidence or arguments that give a more complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) (citations omitted).

These principles apply to motions to compel arbitration. When considering such a motion, a court must weigh evidence and make factual findings. *See Castillo v. CleanNet USA, Inc.*, 358 F. Supp. 3d 912, 918 n.3 (N.D. Cal. 2018). When the party moving to compel arbitration submits new evidence in their reply, the Court may permit the non-moving party to submit a supplemental evidence as rebuttal. *See id.*

Here, all of the Jackson Parties' arguments in their reply brief concern the EFAA. Because they never raised the EFAA in their Motion, all arguments in their reply brief are necessarily new. Specifically, the Jackson Parties have made new arguments about the plain text and purpose of the EFAA. They now argue for the first time, based on Singer's declaration, that Plaintiffs made judicial admissions about when a dispute arose between Plaintiffs and Defendants. They also argue for the first time, based on Freedman's declaration, that the dispute arose in 2019. Freedman supplies lengthy, false testimony relevant to the Parties' arguments concerning the "dispute arises" timing clause and whether the Agreement is a "predispute arbitration agreement." (*See generally* dkt. 35-2.)

Plaintiffs' proposed surreply addresses the Jackson Parties' new arguments in their reply brief, and the Supplemental Declarations provide evidence that disputes Freedman's new testimony and the Jackson Parties' new arguments in their reply that rely on Freedman's testimony. *See Castillo*, 358 F. Supp. 3d at 918; *Baxter Bailey*, 2020 WL 3107889, at *1. The evidence in Singer's declaration, Freedman's declaration, and the Supplemental Declarations is "highly relevant" to the EFAA's "dispute arises" clause and the "predispute arbitration Agreement" requirement. *Fellowship of Christian Athletes*, 82 F.4th at 696. The Court must consider the surreply and Supplemental Declarations to obtain a complete picture of these issues. *See Tounget*, 2020 WL 8410456, at *2.

B.      The Court should hold an evidentiary hearing.

In their opposition, Plaintiffs stated that the Court should order an evidentiary hearing and hear testimony from Freedman, Weisberg, Branca, and all other persons, including attorneys, who were involved in negotiating the Agreement and advising Defendants concerning the Agreement if the Court is concerned that further evidence is needed to determine when the dispute arose between the Parties. (Dkt. 29 at 17).

It is now clear that such an evidentiary hearing is necessary. Ordering such a hearing is within the Court's authority and appropriate in the present case, given that there are material factual disputes that must be decided before resolving the Motion. *See* 9 U.S.C. § 4; *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022); *see also Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1165 (S.D. Cal. 2011) (allowing the parties to conduct discovery on the issue of unconscionability before resolving motion to compel arbitration).

First, Freedman's declaration has created material factual disputes concerning when the dispute arose between the Parties, which is directly relevant to the EFAA's "dispute arises" timing provision and whether the Agreement constitutes a "predispute arbitration agreement" under the statute.

Second, the Jackson Parties have created a material factual dispute concerning when the dispute arose between the Parties in parallel arbitration proceedings. After Plaintiffs filed the complaint in the present matter in February 2026, the Jackson Parties served an arbitration demand on Plaintiffs, Frank, and James. Exhibit 1 of the arbitration demand is a document that the Jackson Parties purported to be the Agreement. (Frank Decl. Ex. 2, Demand Document.) This document looks very similar to the copy of the Agreement that Singer attached as Exhibit 1 to his initial declaration in support of the Motion. But the documents are not the same. There are substantial differences in the terms between the Agreement and this document. For example, the mandatory arbitration and release provisions exclude claims related to the Records Matter. Also, the payment terms are different to those in the Agreement and excludes the 6% commission to Mr. Weisberg and Mr. Katz that was present in the Agreement. An evidentiary hearing is necessary to determine which document was signed by Branca and when he signed it, which is relevant to when the dispute arose between the Parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.  CONCLUSION

This Court should grant Plaintiffs' request for leave to file a surreply and the Supplemental Declarations. The Court should also hold an evidentiary hearing before deciding the Motion.

DATED:  June 5, 2026

KING, HOLMES, PATERNO & SORIANO, LLP

By:  _/s/ Howard E. King_

HOWARD E. KING
STEPHEN D. ROTHSCHILD
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs EDWARD JOSEPH CASCIO, DOMINIC SAVINI CASCIO, MARIE-NICOLE PORTE and ALDO CASCIO

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this request contains 1,482 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 5, 2026

KING, HOLMES, PATERNO & SORIANO, LLP

By:  _/s/ Howard E. King_

HOWARD E. KING
STEPHEN D. ROTHSCHILD
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs EDWARD JOSEPH CASCIO, DOMINIC SAVINI CASCIO, MARIE-NICOLE PORTE and ALDO CASCIO