KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs EDWARD
JOSEPH CASCIO, DOMINIC SAVINI
CASCIO, MARIE-NICOLE PORTE and
ALDO CASCIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN WEISBERG, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:26-cv-02129 HDV (AGRx)<br><br>**PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR AN ORDER COMPELLING ARBITRATION AND REQUEST FOR STAY OF ARBITRATION PROCEEDINGS**<br><br>*[Filed concurrently with the Supplemental Declarations of Edward Joseph Cascio, Dominic Savini Cascio, Marie-Nicole Porte, Aldo Cascio, and Frank Cascio; and Declarations of James Porte and Concetta Casio]*<br><br>Date:    June 18, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  5B<br><br>Action Commenced:  February 27, 2026 |

6187.061/3252306.2

Case No. 2:26-cv-02129 HDV (AGRx)

PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

Plaintiffs Edward Joseph Cascio ("Eddie"), Dominic Savini Cascio, Marie-Nicole Porte, and Aldo Cascio submit this surreply in support of their opposition to the Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings ("Motion") filed by Defendants, The Michael Jackson Company, MJJ Productions, LLC, MJJ Ventures, LLC, John Branca, and John McClain (together, "Jackson Parties").[1]

## I.    BACKGROUND

The Jackson Parties' Motion failed to mention the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), Pub. L. No. 117-90, 136 Stat. 26, *codified at* 9 U.S.C. §§ 401-02. In their opposition, Plaintiffs argued that the plain text of EFAA bars enforcement of the mandatory arbitration clause of the "Acquisition and Consulting Agreement" ("Agreement") that Plaintiffs and Branca, on behalf of MJC, signed. (*See generally* Dkt. 29) Citing the EFAA's text, Plaintiffs argue that (1) they are "alleging conduct constituting" a "sexual assault dispute" because their claims "involv[e]" Michael Jackson's sexual assaults"; (2) Plaintiffs have satisfied the EFAA's "dispute arises" timing clause and "claim accrues" timing clause; (3) the Agreement is a "predispute arbitration agreement"; and (4) the arbitration agreement is unenforceable as to Plaintiffs' entire "case." (*See generally id.* (citing 9 U.S.C. §§ 401, 402; PL 117-90, 136 Stat 26).)

In their reply, the Jackson Parties addressed the EFAA for the first time. They contested whether the dispute arose between the Parties in 2019 and whether the EFAA applies to this case. (Dkt. 35 at 5-12.) To support their new arguments, they attached a supplemental declaration by Martin Singer, who is counsel for the

---

[1] Plaintiffs have also filed an opposition to Defendant Herman Weisberg's joinder of the Jackson Parties' Motion. That opposition incorporates all arguments made and evidence presented in Plaintiffs' Opposition to the Jackson Parties' Motion and this surreply.

Jackson Parties, and Bryan Freedman, who is counsel for the Estate of Michael Jackson ("Estate"). Singer's supplemental declaration consists of blatantly out-of-context quotes made by Plaintiffs and their counsel in filings and correspondence. (*See generally* dkt. 35-1) Freedman supplies new, lengthy testimony relevant to the Parties' arguments concerning the "dispute arises" timing clause and whether the Agreement is a "predispute arbitration agreement." (*See generally* dkt. 35-2.)

## II. <u>ARGUMENT</u>

### A. Defendants improperly construct the plain text and ordinary meaning of the EFAA.

First, Defendants improperly conflate the EFAA's "dispute arises" and "claim accrues" timing provisions. Defendants argue that the dispute arose between the Parties when Jackson sexually abused Plaintiffs because "a childhood sexual abuse claim accrues at the time of the abuse." (Reply at 11.) Defendants ignore that each timing provision of the EFAA is independent and involves a distinct analysis. (Dkt. 29 at 4-5 (citing *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 407 (6th Cir. 2025)).) So, when a claim accrues does not bear on when the dispute arose. (*Id.*) Notably, Defendants do not contest that three of Plaintiffs' claims—breach of contract, fraud, and breach of fiduciary duty—arose after the EFAA's effective date of March 3, 2022, which independently satisfies the EFAA's "claim accrues" timing provision regardless of this Court's analysis of the "dispute arises" provision. (*See id.* at 17-18.)

Second, Defendants seemingly contend that an arbitration agreement signed after the sexual assault occurred cannot be a "predispute arbitration agreement." (Reply at 8-9.) Congress could have—but did not—use the phrase "pre-sexual assault arbitration agreement" when drafting the EFAA. Instead, Congress intentionally chose the word "predispute." Defendants point out that the victims in *Doe (J.K.) v. Celebrity Cruises, Inc.*, 792 F. Supp. 3d 1371 (S.D. Fla. 2025), and *Polen v. API Grp. Life Safety USA, LLC*, 2025 WL 3251349 (D. Or. Nov. 21, 2025),

6187.061/3252306.2

3

Case No. 2:26-cv-02129 HDV (AGRx)

PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

were sexually assaulted after they signed arbitration agreements. (Dkt. 35 at 9.) Yet Defendants fail to address any of the cases cited in Plaintiffs' Opposition that make clear that the EFAA contains no limitation concerning when the sexual assault was committed. (Dkt. 29 at 11.)

Third, Defendants skip over the EFAA's term "involving sexual assault" by pointing to the pro-arbitration principles of the FAA. (Dkt. 35 at 8.)  Just because Defendants do not like the plain text of the EFAA does not mean that they can choose to ignore it. The bottom line is that the EFAA's plain text and ordinary meaning controls (Dkt. 29 at 9)—which Defendants ignore. Defendants also fail to address the cases cited in Plaintiffs' Opposition that explain the breadth of the phrase "involving sexual assault." (Dkt. 29 at 9-14 (citing *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. at 273-74; *Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006); *Miranda v. Anchondo*, 684 F.3d 844 (9th Cir. 2012); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001); *Polen*, 2025 WL 3251349; *Doe*, 792 F. Supp. 3d.)).)

Finally, Defendants misrepresent Plaintiffs' argument that a "sexual assault dispute is formed by facts, not claims." (Dkt. 35 at 9.) This is not an argument that Plaintiffs came up with. This is what courts have concluded when construing the phrase "sexual assault dispute" in the EFAA. (Dkt. 29 at 11 (quoting *Doe*, 792 F. Supp. 3d at 1379); *see id.* (citing *Bulic v. Celebrity Cruises, Inc.*, 2025 WL 1783865, at *3 (S.D. Fla. June 27, 2025); *Polen*, 2025 WL 3251349, at *4).) If the Defendants disagree with the caselaw, they should address it. It is telling that they have failed to do so.

**B.  Defendants have failed to show that the dispute between the Parties arose before 2024.**

1.  Freedman's Declaration

Citing Freedman's declaration, Defendants contend that the Estate's interactions with Plaintiffs' brother, non-party Frank Cascio, and—to a much more

limited degree—Plaintiffs demonstrate that a dispute arose between the Parties in 2019. Defendants are wrong. (Dkt. 35 at 5-7.)

(a)    <em>Freedman's declaration is full of falsehoods and material omissions.</em>

Plaintiffs have submitted supplemental declarations made by themselves, Frank, their mother, Concetta Cascio, and Marie-Nicole's husband, James Porte ("Supplemental Declarations") that contest Freedman's false testimony about their relationship and contacts with Defendants, Freedman, and the now-deceased Howard Weitzman (another attorney for the Estate) in 2019 and 2020 (when Defendants claim the dispute arose between the Parties) and in 2024 (when the dispute actually arose between the Parties). Freedman's declaration is rife with misrepresentations. (<em>See generally</em> Frank Suppl. Decl.) Here are some key falsehoods and omissions.

First, Freedman fails to acknowledge in his declaration that he represented Eddie and James as their attorney from 2014 to 2022 in connection with a class action lawsuit concerning posthumous Michael Jackson records ("Records Matter"). (Eddie Suppl. Decl. ¶ 3; James Decl. ¶ 3; Frank Suppl. Decl. ¶ 3.) To be clear: Eddie and Marie-Nicole's husband had an attorney-client relationship with Freedman during in 2019 and 2020—the period that Freedman facilitated Plaintiffs' entering into the Agreement with MJC. The Estate agreed to pay for all of Eddie's and James' attorney fees and costs, and the Estate recommended that they retain Freedman. (Eddie Suppl. Decl. ¶ 3; <em>id.</em> Ex. 2, Retainer Agm't at 2; James Decl. ¶ 3.) Eddie and James signed a conflict waiver as to each other but not as to any of Defendants. (Eddie Suppl. Decl. ¶ 4; James Decl. ¶ 4; Eddie Suppl. Decl. Ex. 2, Retainer Agm't at 4.) All of this led Plaintiffs believe Freedman was advocating for their interests in 2019 and 2020 and why Plaintiffs had no reason to believe that they were adverse to any of Defendants during that period. (Eddie Suppl. Decl. ¶ 6; Dominic Suppl. Decl. ¶ 5; Marie-Nicole Suppl. Decl. ¶ 4; Aldo Suppl. Decl. ¶ 3.)

PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

Second, Freedman attests that Plaintiffs were represented by a tax attorney and the talent manager Ken Katz. (Freedman Decl. ¶ 16.) This is untrue. (Frank Decl. ¶ 4; Eddie Suppl. Decl. ¶ 7; Dominic Suppl. Decl. ¶ 5; Marie-Nicole Suppl. Decl. ¶ 4; Aldo Suppl. Decl. ¶ 6.)

Third, Freedman attests that in 2019 and 2020, Plaintiffs initiated contact with the Estate, demanded payment from the Estate, and negotiated the terms of payments and increased payments from the Estate. (Freedman Decl. ¶¶ 2-15.) None of this is true. (*See* Pls. Initial Decls ¶¶ 4-7; Frank Initial Decl. ¶¶ 4-9; Frank Suppl. Decl. ¶¶ 4-14; Eddie Supl. Decl. ¶ 8; Dominic Suppl. Decl. ¶ 4; Marie-Nicole Suppl. Decl. ¶ 4; Aldo Suppl. Decl. ¶ 5.)

Fourth, Freedman testifies that he never told Plaintiffs not to hire an attorney. (Freedman Decl. ¶ 16.) This is not true. (Frank Suppl. Decl. ¶ 15; Eddie Supl. Decl. ¶ 9; Dominic Suppl. Decl. ¶ 6; Marie-Nicole Suppl. Decl. ¶ 6; Aldo Suppl. Decl. ¶ 7.)

Fifth, Freedman attests that Weitzman and he "did not believe the Cascios' alleged claims had merit." (Freedman Decl. ¶ 10.) The evidence demonstrates otherwise. Freedman and Weitzman told Frank that Jackson had sexually abused others, including another girl (Frank Suppl. Dec. ¶ 11.) In 2019, Freedman told Marie-Nicole that her story was particularly compelling because others had witnessed Jackson sexually abusing her. (Marie-Nicole Decl. ¶ 5.) Freedman said the same to Frank and James in 2024; he even referred to Marie-Nicole as "extremely believable" and "a beautiful woman, inside and out." (Frank. Suppl. Decl. ¶ 17; James Decl. ¶ 7.) Freedman and Weitzman got emotional and consoled Plaintiffs and their family members, as they described the impact Jackson's sexual abuse has had on their family. (*Id.*; Concetta Decl. ¶ 3.) Freedman and Weitzman paid for Aldo's therapist and treatment for depression and trauma in 2019. (Aldo Suppl. Decl. ¶ 4.) In 2024, Freedman reached out to the Cascios and offered to represent them. (Frank Suppl. Decl. ¶ 17; Eddie Suppl. ¶ 10.) Also in 2024,

PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

Freedman told James and Frank that, Weitzman had told Branca that he believed that Jackson has sexually assaulted Plaintiffs. (Frank. Suppl. Decl. ¶ 17; James Decl. ¶ 7.) The evidence overwhelmingly shows that Freedman, Weitzman, and all of Defendants believed that Jackson had sexually assaulted Plaintiffs when they were children.

> (b)     *Even if taken as true, Freedman's declaration does not show that a dispute between Plaintiffs and any of Defendants existed in 2019.*

Freedman's declaration contains lengthy testimony about his interactions with Frank in 2019. But Frank is not a party to this case. As to Plaintiffs, Freedman testifies only that when the now-deceased Howard Weitzman and he interviewed each of Plaintiffs, "[e]ach of them indicated during those interviews that they had alleged sexual abuse claims they intended to assert." (*Id.* ¶ 9.) The Court must disregard Freedman's vague, conclusory, fact-deficient self-serving single-sentence testimony about his interactions with Plaintiffs. *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Moreover, Defendants have, at most, shown that there was a dispute with MJC in 2019. They have not shown that any dispute arose with any of the other Jackson Parties before 2024. Nor have Defendants provided any evidence that a dispute arose with Weisberg before 2024. Regardless, as Plaintiffs have requested, this Court should hold an evidentiary hearing on the issue of when the dispute arose before deciding the Motion.

### 2.     Singer's Declaration

Citing Singer's supplemental declaration, Defendants contend that Plaintiffs' and their counsel's prior statements in a letter by Plaintiffs' counsel, a court filing in the Los Angeles Court, and the Complaint in this case constitute "judicial admissions" and evidence that the dispute arose in 2019, before the Agreement was signed. (Dkt. 35 at 5-7; Singer Decl. ¶ 6.) Defendants are wrong.

Judicial admissions are "formal admissions in the pleadings which have the

KING, HOLMES, PATERNO & SORIANO, LLP

6187.061/3252306.2                                        7                Case No. 2:26-cv-02129 HDV (AGRx)
PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). They are "generally unambiguous affirmative statements made by counsel in the context of litigation, and commonly arise by way of stipulations, pleadings, statements in pretrial orders, and responses to requests for admissions. Some degree of formality is entailed." *In re Fremont General Corp.*, 2015 WL 1286492, at *11 (C.D. Cal. Mar. 20, 2015) (citation and quotation marks omitted). "[S]tatements of fact contained in briefs or other memoranda" are not always judicial admissions. *American Title Insurance*, 861 F.2d at 226.

Critically, judicial admissions are binding only in the specific lawsuit in which the party makes them. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788 n.4 (9th Cir. 2009). "[P]leadings from a prior litigation can be used as evidence but are not judicial admissions binding upon the litigants in a different litigation." *Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001, 1009 (C.D. Cal. 2000); *see Casa del Caffe*, 816 F.3d at 1213.

Here, none of the statements identified in Singer's declaration constitutes a judicial admission. Moreover, none of the statements demonstrate that a dispute arose before 2024.

First, Singer attests that counsel for Plaintiffs, Howard King, wrote in a 2024 letter that the Cascios had "revealed in 2019 that they had been molested by Michael Jackson for decades" and that Plaintiffs alleged the same in their Complaint. (Dkt. 35-1 ¶¶ 3-4.) A letter is not a formal admission in a pleading. *See American Title Insurance*, 861 F.2d at 226. Nor is this evidence that a dispute arose in 2019. To reiterate, a dispute arises when an injured party "registers disagreement" by sending a demand letter, files an administrative charge, requests arbitration, or commences lawsuit and the other party "expressly or constructively opposes that position." (Dkt. 29 at 15 (quoting *Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 246 (3d Cir.

PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER COMPELLING ARBITRATION

2025); *id.* (citing *Memmer*, 135 F.4th at 409; *Famuyide v. Chipotle Mexican Grill, Inc.*, 111 F.4th 895, 898 (8th Cir. 2024)).) No one disputes that in 2019, Plaintiffs told the Estate that Jackson sexually abused them. But relaying such information does not constitute a formal register of disagreement absent a demand letter or the initiation of a legal action. Nor is this evidence that any Defendants opposed any position of Plaintiffs.

Second, Singer mischaracterizes an out-of-context quote from a Los Angeles Superior Court proceeding that involves Frank but none of Plaintiffs. As explained in the Opposition, Branca, McClain, and MJC filed a Petition for Order Compelling Arbitration ("Petition") against Frank in 2025. (Dkt. 29 at 6.) Statements made by Frank's then-attorney, Mark Geragos, in these separate proceedings do not constitute judicial admissions in the present matter. *See Migliori*, 97 F. Supp. 2d at 1009; *see Casa del Caffe*, 816 F.3d at 1213. Notably, Geragos no longer represents Frank or any of Plaintiffs.

Third, Singer points to allegations in Plaintiffs' Complaint that (a) in 2019, Freedman and Weitzman promised to send the family a settlement agreement that would properly compensate them for their "pain and suffering"; (b) the Cascios "became conscious" of the sexual abuse when *Leaving Neverland* was released in 2019; and (c) Frank asked the Estate to pay Plaintiffs more money. (Dkt. 35-1 ¶¶ 4-8 (citing Compl. ¶¶ 42, 50, 51, 54, 60).) None of this is evidence that Plaintiffs' formally registered disagreement with Defendants or that Defendants assumed an opposing position.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

III.   **CONCLUSION**

This Court must deny the Jackson Parties' Motion.

DATED:  June 5, 2026                    KING, HOLMES, PATERNO &
                                        SORIANO, LLP


                                        By:    _/s/ Howard E. King_
                                                HOWARD E. KING
                                                STEPHEN D. ROTHSCHILD
                                                JACKSON S. TRUGMAN
                                                HEATHER L. PICKERELL
                                        Attorneys for Plaintiffs EDWARD JOSEPH
                                        CASCIO, DOMINIC SAVINI CASCIO,
                                        MARIE-NICOLE PORTE and ALDO CASCIO

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 2,545 words, which complies with the word limit of L.R. 11-6.1.


DATED:  June 5, 2026                    KING, HOLMES, PATERNO &
                                        SORIANO, LLP


                                        By:    _/s/ Howard E. King_
                                                HOWARD E. KING
                                                STEPHEN D. ROTHSCHILD
                                                JACKSON S. TRUGMAN
                                                HEATHER L. PICKERELL
                                        Attorneys for Plaintiffs EDWARD JOSEPH
                                        CASCIO, DOMINIC SAVINI CASCIO,
                                        MARIE-NICOLE PORTE and ALDO CASCIO

KING, HOLMES,
PATERNO &
SORIANO, LLP

6187.061/3252306.2                          10                  Case No. 2:26-cv-02129 HDV (AGRx)
PLAINTIFFS' SURREPLY IN SUPPORT OF OPPOSITION TO JACKSON PARTIES' MOTION FOR ORDER
COMPELLING ARBITRATION