**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
JONATHAN STEINSAPIR (SBN 226281)
  jsteinsapir@khiks.com
KATHERINE T. KLEINDIENST (SBN 274423)
  kkleindienst@khiks.com
RAY S. SEILIE (SBN 277747)
  rseilie@khiks.com
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: 310.566.9800
Facsimile: 310.566.9850

**SINGER WEINSTEN WOLF & JONELIS LLP**
MARTIN D. SINGER (BAR NO. 78166)
  mdsinger@singerlaw.com
ALLISON S. HART (BAR NO. 190409)
  ahart@singerlaw.com
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906
Telephone:  (310) 556-3501
Facsimile:   (310) 556-3615

*Attorneys for All Defendants other than Herman Weisberg and Does 1 – 20 ("the Jackson Defendants").*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> THE MICHAEL JACKSON COMPANY, LLC, et al, <br><br> Defendants. | Case No. 2:26-cv-02129-HDV (AGRx) <br><br> The Hon. Hernán D. Vera <br><br> **THE JACKSON DEFENDANTS' REQUEST FOR LEAVE TO RESPOND TO SUR-REPLY** <br><br> **[Submitted Concurrently with [Proposed] The Jackson Defendants' Response to Sur-Reply]** <br><br> Date:    June 18, 2026 <br> Time:    10:00 a.m. <br> Courtroom:    5B <br><br> Complaint filed: February 27, 2026 <br> Trial Date:    None Set |

10386-00420/945323

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

## REQUEST FOR LEAVE TO FILE SUR-REPLY[1]

On June 9, 2026, the Court granted Plaintiffs' Request for Leave to File a Sur-Reply. ECF No. 41. The Jackson Defendants—i.e., all defendants other than Weisberg and the Does—request leave to file a *brief* response to that sur-reply. The proposed response, which we have concurrently submitted with this request, does not introduce any new declarations or evidence, but simply explains why the new arguments and evidence in the sur-reply are immaterial to the motion. Counsel for Plaintiffs have advised that they oppose this Request.

As a matter of judicial economy, it makes sense for the Court and for Plaintiffs to be able to review the Jackson Defendants' response to these arguments in writing rather than hear them for the first time at the hearing. For that reason, and those that follow, there is good cause to grant this request.

### 1.    Plaintiffs' Sur-Reply Makes Arguments and Introduces Evidence that Could Have and Should Have Been in Their Opposition Brief.

Plaintiffs' sur-reply (ECF 42) makes arguments and introduces evidence that should have been introduced in their opposition brief. All of the Jackson Defendants' arguments in their Reply Brief that Plaintiffs creatively characterize as "new"—and thus justifying both a ten-page sur-reply brief and numerous, additional declarations—are simply *responses* to arguments that *Plaintiffs* made in opposition. As other courts in this district have explained, that is not "new" evidence justifying a sur-reply brief: "Evidence is not 'new,' … if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1205 (C.D. Cal. 2007); *see also Zkey Invs., LLC v. Facebook Inc.*, 225

---

[1] As a procedural matter, we are not confident that an unnoticed "Request" is the proper way to request additional briefing beyond what the Local Rules contemplate (as opposed to an *ex parte* application). That said, because the Court entertained a similar "Request" from Plaintiffs, we presume that the Court is comfortable with Defendants filing the same type of Request here.

F.Supp.3d 1147, 1158–59 (C.D. Cal. 2016) (denying leave to file sur-reply where evidence in reply brief was not "new" evidence, as it was included "to specifically attack Plaintiff's expert and the arguments Plaintiff raised in its opposition").

In particular, in opposition to the Jackson Defendants' motion to compel arbitration, Plaintiffs argued that 9 U.S.C. § 402 (the "EFAA") invalidated the arbitration provision in the 2019 Agreement (*see* ECF No. 22-1 Ex. 1) because the provision was somehow a "*predispute* arbitration agreement." 9 U.S.C. § 402(a) (emphasis added). In so arguing, Plaintiffs remarkably suggested that the 2019 Agreement was not, in fact, an agreement that resolved any specific claims (ECF No. 29 at 18). The upshot of Plaintiffs' "predispute arbitration agreement" argument in their opposition was that they had no reason to believe, when they executed the 2019 Agreement, that the agreement related to allegations of sexual assault.

In their Reply Brief, the Jackson Defendants responded to Plaintiffs' EFAA argument by pointing out the obvious: The 2019 Agreement was clearly *not* a "predispute" agreement, because it was agreed by *all* parties that the Agreement was addressing and resolving Plaintiffs' claims that they were sexually assaulted (the Jackson Defendants, of course, categorically deny that there was any sexual assault but the issue on this motion is solely about arbitrability). To buttress the factual component of this argument, the Jackson Defendants introduced a reply declaration by Bryan Freedman who described negotiations over the Agreement, and confirmed that the parties discussed and negotiated resolution to a very real "dispute." The declaration was submitted *in response* to Plaintiffs' extraordinary claim in their opposition brief that Plaintiffs were paid over $16 million for no apparent reason such that the 2019 Agreement was a "predispute" agreement and not an agreement intended to resolve "disputes" between the parties. The Agreement also contains clear releases, which shows that there was a "dispute." Under the authority cited above from other courts in this district, that evidence in the Reply Brief was not "new" evidence, such that it justified a sur-reply. *Edwards*, 527 F. Supp.2d at 1205;

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

10386-00420/945323

2

*Zkey Invs.*, 225 F. Supp.3d at 1158–59.

That all said, we recognize and respect that the Court has broad discretion to accept a sur-reply for many reasons and has granted Plaintiffs leave to submit one. We take no issue with the Court's decision in that regard. Rather, we merely ask that the Court allow the Jackson Defendants to briefly respond to the new arguments and evidence submitted with the sur-reply in the attached brief submitted concurrently herewith.[2]

### 2. Plaintiffs' Sur-Reply Makes Arguments that Are Different From Their Arguments In Opposition Such that Defendants Should Have an Opportunity to Respond to Them.

Plaintiffs' opposition brief *could* have taken the position first articulated in the sur-reply, i.e. Plaintiffs *could have* acknowledged that the 2019 Agreement was the result of discussions between Plaintiffs and the Jackson Defendants about Plaintiffs' allegations of sexual abuse; and Plaintiffs *could* have tried to argue that those discussions did not reflect a "dispute" within the meaning of the EFAA. For strategic reasons or otherwise, they chose not to make those arguments in their opposition. Rather, they instead chose to raise the arguments for the first time in a sur-reply brief. *Cf. Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247, 266 (N.D. Cal. 2018) (denying an ex parte application to file a sur-reply because "the vast majority of the brief consists of arguments that were already made—or could have been made—in their opposition brief.").

In opposition, Plaintiffs argued *in a single paragraph* that the 2019

---

[2] During the meet and confer prior to filing this Request, Plaintiffs' counsel advised that they were unaware of authority permitting a response to a sur-reply brief. A search of Westlaw, however, reveals *dozens* of examples in the district courts of this Circuit (a plurality of which are in this district). For just one of *many* examples that can be found by searching for "response to sur-reply," *see Crosby v. California Physicians Service*, 498 F.Supp.3d 1218, 1224 (C.D. Cal. 2020) (noting that Court "permitted Plaintiffs leave to respond to the surreply").

Agreement did not address any particular issue and was therefore a "predispute" agreement. (ECF No. 29 at 18–19.) In the sur-reply, Plaintiffs change tack, however, and essentially confirm that the 2019 Agreement *did address* Plaintiffs' assault claims, but contend that the discussions and negotiations leading up to the Agreement and the payment of millions of dollars did not constitute a "dispute."

The Jackson Defendants' proposed response to the sur-reply explains why that position is just dead wrong. In fact, the additional declarations introduced with Plaintiffs' sur-reply confirm that Plaintiffs were fully aware that the 2019 Agreement was intended to address their allegations of sexual assault. Far from creating any material question of fact, Plaintiffs' declarations *corroborate* Mr. Freedman's testimony that prior to signing the 2019 Agreement, each Plaintiff discussed their allegations with Mr. Freedman and Mr. Weitzman, and that the 2019 Agreement was intended to resolve a dispute over those allegations, i.e., a dispute over whether and how much Plaintiffs should be compensated for their allegations. They only "challenge" Mr. Freedman's declaration by suggesting that Mr. Freedman handled those discussions with general civility and did not inflame the situation by expressly accusing Plaintiffs of lying. They suggest that because negotiations were handled civilly and without intense friction, the 2019 Agreement did not actually resolve a "dispute." As shown in the proposed response to the sur-reply, that contention makes no sense and Plaintiffs themselves admit that there was a very real dispute over whether and how Plaintiffs should be compensated for their allegations.

### 3.   Conclusion

In light of foregoing, the Jackson Defendants respectfully request that the Court grant leave for the Jackson Defendants to file their response to Plaintiffs' sur-reply. As explained in that brief, none of Plaintiffs' new arguments or evidence impact the merits of the Jackson Defendants' motion, which should be granted for all the reasons explained therein and in other submissions.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

DATED:  June 10, 2026

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP

By: ____/s/Jonathan P. Steinsapir____

Jonathan Steinsapir
Attorneys for the Jackson Defendants

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

10386-00420/945323

5

REQUEST FOR LEAVE TO RESPOND TO SUR-REPLY