KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs EDWARD
JOSEPH CASCIO, DOMINIC SAVINI
CASCIO, MARIE-NICOLE PORTE and
ALDO CASCIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD JOSEPH CASCIO, an individual; DOMINIC SAVINI CASCIO, an individual; MARIE-NICOLE PORTE, an individual; and ALDO CASCIO, an individual,<br><br>          Plaintiffs,<br><br>      vs.<br><br>THE MICHAEL JACKSON COMPANY, a limited liability company; JOHN BRANCA, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; JOHN MCCLAIN, as Co-Administrator of THE ESTATE OF MICHAEL JACKSON, Co-Trustee of the MICHAEL JACKSON FAMILY TRUST, and individually; MJJ PRODUCTIONS, LLC, a limited liability company; MJJ VENTURES, LLC, a limited liability company; HERMAN WEISBERG, an individual; and DOES 1 through 20, inclusive,<br><br>          Defendants. | CASE NO. 2:26-cv-02129-HDV-CTSx<br><br>**PLAINTIFFS' OPPOSITION TO JACKSON PARTIES' REQUEST FOR LEAVE TO FILE SUR-SURREPLY AND PLAINTIFFS' RENEWED REQUEST FOR EVIDENTIARY HEARING**<br><br>*[Filed Concurrently with Supporting Declaration of Heather L. Pickerell]*<br><br>Action Commenced: February 27, 2026 |

6187.061/3257998.1

PLAINTIFFS' OPPOSITION TO JACKSON PARTIES' REQUEST FOR LEAVE TO FILE SUR-SURREPLY AND PLAINTIFFS' RENEWED REQUEST FOR EVIDENTIARY HEARING

Defendants The Michael Jackson Company, MJJ Productions, LLC, MJJ Ventures, LLC, John Branca (together, "Jackson Parties") filed a Motion for an Order Compelling Arbitration and Request for Stay of Arbitration Proceedings ("Motion"). Plaintiffs Edward Joseph Cascio, Dominic Savini Cascio, Marie-Nicole Porte, and Aldo Cascio filed an opposition based on the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). The Jackson Parties filed a reply brief, which discussed the EFAA for the first time and attached new evidence in the form of two declarations. The Court granted Plaintiffs leave to file a surreply and supplemental declarations to address the Jackson Parties' new arguments and evidence. The Court, however, denied Plaintiffs' request to hold an evidentiary hearing on the Motion. The Jackson Parties now seek leave to file a sur-surreply ("Request"). Plaintiffs oppose the Request and renew their request for an evidentiary hearing.

The Jackson Parties lack any legal basis to file a sur-sureply. When Plaintiffs filed their opposition, the Jackson Parties had notice of Plaintiffs' arguments and evidence as to the EFAA, which they addressed in their reply brief. Plaintiffs' surreply and additional evidence was confined to addressing the points raised the Jackson Parties' reply. Plaintiffs did not make any new arguments that the Jackson Parties lacked notice of. *Cf. CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011).

That said, regardless of whether the Court grants or denies the Jackson Parties' Request, the Court should still conduct an evidentiary hearing. Notably, the Jackson Parties had opposed Plaintiffs' requests for leave to file a surreply, to file supplementary declarations, and for an evidentiary hearing. (Pickerell Decl. ¶¶ 2-4) But the Jackson Parties' Request merely underscores that a significant factual dispute exists as to two key issues relevant to the Court's decision on the Motion: (1) was the EFAA's "dispute arises" timing provision satisfied; and (2) whether the Agreement constitutes a "predispute arbitration agreement" under the statute.

KING, HOLMES, PATERNO & SORIANO, LLP

6187.061/3257998.1

2

PLAINTIFFS' OPPOSITION TO JACKSON PARTIES' REQUEST FOR LEAVE TO FILE SUR-SURREPLY AND PLAINTIFFS' RENEWED REQUEST FOR EVIDENTIARY HEARING

Granting leave to file a sur-surreply will not resolve these factual disputes. The Court cannot determine issues of credibility from written affidavits. An evidentiary hearing is necessary.

Accordingly, Plaintiffs oppose the Jackson Parties' Request and renew their request for an evidentiary hearing.

DATED:  June 10, 2026          KING, HOLMES, PATERNO & SORIANO, LLP

By:   _/s/ Howard E. King_

HOWARD E. KING
STEPHEN D. ROTHSCHILD
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs EDWARD JOSEPH CASCIO, DOMINIC SAVINI CASCIO, MARIE-NICOLE PORTE and ALDO CASCIO

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 369 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 10, 2026          _/s/ Howard E. King_

Howard E. King

KING, HOLMES, PATERNO & SORIANO, LLP

6187.061/3257998.1          3

PLAINTIFFS' OPPOSITION TO JACKSON PARTIES' REQUEST FOR LEAVE TO FILE SUR-SURREPLY AND PLAINTIFFS' RENEWED REQUEST FOR EVIDENTIARY HEARING